IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ISAIAS GEOVANNY AREVALO LLUMIGUANO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | MEMORANDUM DECISION AND ORDER DENYING PETITION FOR HABEAS CORPUS<br>Case 2:26-cv-569-TS<br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Isaias Geovanny Arevalo Llumiguano's Verified Petition for Habeas Corpus and Declaratory Action.[1] For the reasons described herein, the Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

Petitioner is a citizen of Ecuador who was located and arrested by U.S. Immigration and Customs Enforcement ("ICE") officers in the jurisdiction of the Salt Lake City ICE Enforcement and Removal Operations field office. Petitioner had been living in the United States for approximately three years at the time of his arrest.

Following his arrest, Petitioner was transferred out of Utah. On May 29, 2026, Petitioner filed his first petition for a writ of habeas corpus in the United States District Court for the District of Wyoming, seeking a bond redetermination hearing by an immigration judge as provided in 8 U.S.C. § 1226(a).[2] On June 2, 2026, the Wyoming District Court exercised jurisdiction over the petition and ordered the government to file a response to the petition.

[1] Docket No. 1.

[2] Docket No. 1-2.

However, on June 11, 2026, before the Wyoming Court resolved the substantive issues raised in the petition, Petitioner was removed from the United States. The respondents argued that, due to his removal, the petition was moot for lack of jurisdiction because Petitioner was no longer in custody.

Petitioner "vigorously disputed" the respondents' position, moved for an order requiring his return, and asserted his removal was improper because his appeal with the BIA remained pending, among other things.[3] The Wyoming Court was not persuaded and dismissed the petition finding that the habeas petition was "moot because he [could] no longer benefit if he prevailed on his request for a bond hearing."[4] Petitioner filed a motion to alter or amend the Wyoming Court's order, which the Wyoming Court denied on July 13, 2026.[5] Petitioner also filed an appeal of the Wyoming Court's dismissal, which is pending before the Tenth Circuit.[6]

While the case before the Wyoming Court was ongoing, and after he had been removed from the United States, Petitioner filed the instant Petition in this Court seeking: a declaration that the Petitioner is currently "in custody" despite his removal from the country, a declaration that his removal was unlawful and Respondents lacked the authority to remove him, and an order requiring Respondents to facilitate his return to the United States and to allow him to continue his pending administrative proceedings without interference, among other requests. As in the Wyoming case, Respondents assert that the Court lacks jurisdiction to consider the Petition because Petitioner is no longer in their custody.

---

[3] Docket No. 1, at 5.

[4] Docket No. 1-10, at 3.

[5] *See Arevalo Llumiguano*, *et al., v Mullin*, Case No. 26-CV-174-SWS, Docket No. 26.

[6] *Arevalo Llumiguano, et al., v Mullin et al.*, No. 26-8026.

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"[7] "The 'in custody' requirement of § 2241 is jurisdictional."[8] Therefore, it is Petitioner's burden to establish that he was in custody *at the time* he filed the petition.[9]

"A petitioner is in custody for purposes of the statute if he or she is subject to severe restraints on his or her individual liberty."[10] This does not mean "that a prisoner [must] be physically confined in order to challenge his sentence on habeas corpus."[11] "Besides physical imprisonment" the custodial requirement may also be met based on "other restrains on a man's liberty . . . not shared by the public generally."[12] Petitioner argues that his "present exclusion from the United States, the continuing legal consequences of the challenged removal, and the Respondents' ongoing authority to prohibit his lawful return" are "constructive restraints imposed and enforced by the government" that satisfy the custodial requirement.[13] This assertion, however, is not supported by controlling precedent.

Both the Tenth Circuit and numerous other courts have held that "an applicant is not 'in custody' when he or she files a habeas application *after* being removed or deported from the

[7] *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)).

[8] *Moreno v. Att'y Gen., DHS/ICE/DOJ*, No. 25-6077, 2026 WL 607313, at *2 (10th Cir. Mar. 4, 2026).

[9] *Id.*

[10] *Dry v. CFR Court of Indian Offenses for Choctaw Nation,* 168 F.3d 1207, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted).

[11] *Maleng*, 490 U.S. at 491.

[12] *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

[13] Docket No. 7, at 2.

country."[14] Such is the case here. The Petition before this Court was filed after Petitioner had been removed from the country and released from custody. While Petitioner filed a habeas petition prior to his removal, that petition was not filed in this District and thus cannot be a basis for this Court to exercise jurisdiction.

Further, while "the collateral consequence of reentry restrictions may keep an *already-filed* habeas application from becoming moot upon the applicant's removal,"[15] the Tenth Circuit has noted that courts have generally "not been persuaded that a reentry restriction satisfies the 'in custody' requirement."[16] Therefore, Petitioner's "exclusion from the United States" and the government's "ongoing authority" prohibiting his return, without more, is insufficient to meet the custodial requirement.

Petitioner argues Respondents' control over him determines whether he can "reunite with his family and counsel in this country," or "continue participating in his immigration proceedings from within the United States," and has other "legal consequences."[17] However, these unfortunate circumstances appear to be direct consequences of his exclusion from the United States. Petitioner does not allege that Respondents are currently exercising any specific control

---

[14] *Moreno*, 2026 WL 607313, at *2 (emphasis added) (citing *United States v. Camick*, No. 17–3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017); *I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436, 444 (D.C. Cir. 2023); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (per curiam); *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 173 (3d Cir. 2006); *Samirah v. O'Connell*, 335 F.3d 545, 549-51 (7th Cir. 2003); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001)); *see also Olmedo-Martinez v. Mullin*, No. 2:26-CV-00514-RJS, 2026 WL 1602658, at *2 (D. Utah June 4, 2026) ("Because Petitioner was released from custody in Mexico prior to filing the Petition, he was not confined within the District of Utah at the time of filing.").

[15] *Moreno*, 2026 WL 607313, at *2 (emphasis added).

[16] *Id.* (citing *Samirah*, 335 F.3d at 550-51; *Patel*, 334 F.3d at 1263; *Miranda*, 238 F.3d at 1159).

[17] Docket No. 7, at 4.

over him beyond prohibiting his return to the United States, which, as discussed, is not sufficient to meet the custodial requirement.[18]

Because "habeas jurisdiction attaches on the initial filing of the § 2241 petition"[19] and Petitioner has not demonstrated that he was "in custody under or by color of the authority of the United States,"[20] at the time he filed the Petition, the Court finds that it lacks jurisdiction over this matter and will, accordingly, dismiss the Petition.

Petitioner further asserts that this Court should exercise jurisdiction because "[t]he central issue presented in [the] Petition is whether Respondents possessed lawful authority to remove Petitioner in the first instance,"[21] and "Respondents cannot rely on the legal consequences of an allegedly unlawful execution action while simultaneously asking the Court to decline review of that very action."[22] Petitioner further requests that, "if the Court concludes the writ itself should not presently issue, it should declare that Respondents lacked lawful authority to remove Petitioner, that the removal cannot serve as the basis for defeating judicial review, and that the parties rights must be determined as though the challenged removal had not occurred."[23]

Absent subject matter jurisdiction over the Petition, the Court lacks the authority to make any substantive determinations.[24] Regardless, however, "principles of comity and judicial

---

[18] *See Patel*, 334 F.3d at 1263 (finding that while the petitioner's "removal from the United States may limit his opportunities to re-enter this country, this [did] not constitute a severe restraint on his individual liberty" because the petitioner was living in his native country and "the United States [was] in no position to restrain his liberty").

[19] *United States v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006).

[20] 28 U.S.C. § 2241(c)(1).

[21] Docket No. 7, at 6.

[22] *Id.*

[23] *Id.* at 13.

[24] *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) ("[T]he existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination.

economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts."[25] The Petition largely seeks Petitioner's return to the United States and to resume his administrative immigration proceedings. This relief was first sought in the Wyoming Court where habeas jurisdiction was established. Having not received the desired outcome, Petitioner seeks a different outcome in this Court. "Plaintiffs cannot use one district court judge to overrule an order of a different district court judge."[26] Petitioner has an appeal pending before the Tenth Circuit seeking review of the Wyoming Court's dismissal. It would, therefore, be improper for this Court to issue the requested relief, even if subject matter jurisdiction was established.

III. CONCLUSION

It is therefore

ORDERED that Petitioner's Verified Petition for Habeas Corpus and Declaratory Action (Docket No. 1) is DISMISSED.

DATED this 24th day of August, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

This requirement is inflexible and without exception.") (internal quotation mark and citation omitted).

[25] *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) (citations omitted); *see also Feller v. Brock*, 802 F.2d 722, 727–28 (4th Cir. 1986) ("Prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders.").

[26] *Prosser v. Shappert*, No. 23-2072, 2025 WL 215518, at *2 (3d Cir. Jan. 16, 2025).